UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT STEWARD, | No. C 08-5615 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Correctional Officers HOLBERT and HALE, | |
| Defendants. / | |

### INTRODUCTION

Bryant Steward, a prisoner at Pelican Bay State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that he was injured on June 17, 2008. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

### DISCUSSION

A. Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Steward's complaint is far too short on details for the court to determine whether any of his constitutional rights may have been violated. The entirety of his "statement of claim" is as follows: "On June 17, 2008, I'd sustained a bruise rib, abrasion on my upper facial area, and five stitches on my right arm; both officers (J. Holbert / Hale) didn't have the shower door secure; and officer G. Lewis had ran." Complaint, p. 3. Even with liberal construction, these allegations do not state a claim upon which relief may be granted. It is the plaintiff's responsibility to allege a claim for relief; the court will not try to piece together a claim from the miscellaneous documents attached to a complaint.

Steward must file an amended complaint to attempt to state a claim upon which relief may be granted. The exhibits suggest two possibilities as to what Steward might try to allege: that excessive force was used on him or that correctional staff failed to protect him from another prisoner (or perhaps both). The legal requirements for both claims are described below. In his amended complaint, he should allege each claim separately and state what each defendant did or failed to do that caused a deprivation of his constitutional rights.

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Hudson v.

1  McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986).
2  Whether force is excessive depends in part on what the plaintiff was doing when the force
3  was used; there is no constitutional prohibition on the use of force, but only on the use of
4  excessive force.  If Steward wants to allege an excessive force claim, he needs to provide
5  more details about the incident so that it can be determined whether any force used would
6  amount to excessive force.  He should allege what he was doing before and during the time
7  force was used, what prompted a use of force, as well as what each defendant did or failed to
8  do that caused a deprivation of his constitutional rights

9      The Eighth Amendment's proscription of cruel and unusual punishment also requires
10 that prison officials not be deliberately indifferent to serious risks to prisoners' safety.  To
11 state a claim for deliberate indifference to a prisoner's safety in the context of an attack by
12 another prisoner, the prisoner needs to allege that prison officials knew he had enemies and
13 put him in a situation where his enemies could access him, and did so with deliberate
14 indifference to a risk of harm to him from other prisoners.  See Farmer v. Brennan, 511 U.S.
15 825, 833 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Neither negligence
16 nor gross negligence amounts to deliberate indifference.  See Farmer, 511 U.S. at 835-36 &
17 n.4.  If Steward wants to attempt to allege a deliberate indifference to safety claim, he needs
18 to allege what each defendant did or failed to do that caused a deprivation of his
19 constitutional rights, and needs to allege facts that would support a determination that each
20 defendant acted with deliberate indifference to a known risk.

21 B.    Service of Process Issues

22     Steward sent to the court two letters reflecting his confusion about service of process
23 matters after reading a pro se litigant's handbook.  Because Steward is proceeding in forma
24 pauperis, the court will have the U.S. Marshal serve the summons and complaint on the
25 defendants if the court orders service of process.  However, this case has not reached that
26 stage yet because Steward's complaint is deficient as discussed in the preceding section.  If
27 Steward files an amended complaint and if the court determines that the amended complaint
28 states a claim upon which relief may be granted, the court will order the Marshal to serve

3

1  process. Steward does not need to request service of process, and does not need to send
2  copies of the summons or of the complaint to get process served. Steward should take care in
3  his amended complaint to adequately identify each defendant – usually a last name and first
4  name or first initial or badge number – and provide the last known business address for each
5  defendant to make it more likely that service of process will occur without delay.

6  Steward's letter filed April 27, 2009 indicates that he believed that he needed to send a
7  copy of the complaint to the court for service of process, but when he sent that copy in, he
8  did not put the case number on it. As a result, that copy of the complaint was given a new
9  case number (C 09-777 MHP (pr)) and filed as a new action. That action will be closed by a
10 separate order, and Steward should file no more documents in that action. All further flings
11 must be made in the present action and must have the case number for this action (i.e., C 08-
12 5615 MHP) written on the first page of each document.

### CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **June 26, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: May 14, 2009

_____
Marilyn Hall Patel
United States District Judge

4